UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| ERIC SCOTT KEELING, ) | |
| ) | |
| Petitioner, ) | Civil No. 0:22-cv-00096-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DAVID LeMASTER, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Eric Scott Keeling is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. Proceeding without counsel, Keeling has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1; R. 4.] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In June 2018, pursuant to a plea agreement with the United States, Keeling pled guilty in the United States District Court for the Western District of Kentucky to one count of possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i) (Count 2); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). In September 2018, Keeling was sentenced to a term of imprisonment of 57 months as to each of Counts 1 and 3, to be served concurrently with each other, and 60 months as to Count 2, to be served consecutively to the terms imposed on Counts 1 and 3, for a total term of imprisonment of 117 months. *United States v. Keeling*, No. 3:16-cr-127-RGJ-HBB-1 (W.D. Ky. 2016).

In his § 2241 petition, Keeling claims that the federal Bureau of Prisons ("BOP") has improperly concluded that he is ineligible to earn Earned Time Credits ("ETC") under the First Step Act. [R. 1.] The First Step Act ("FSA"), Publ. L. No. 115-015, 132 Stat. 015 (2018), includes a provision directing the Attorney General to develop a new "risk and needs assessment system" (referred to as the "System") to provide appropriate programming for prisoners in an effort to reduce the risk of recidivism. 18 U.S.C. § 3632. The System is also required to provide incentives and rewards for prisoners to participate in the "evidence-based recidivism reduction" ("EBRR") programming, including additional time credits to be applied toward time in prerelease custody or supervised release, thus allowing eligible prisoners to be placed in prerelease custody (i.e., home confinement or a Residential Reentry Center) earlier than previously allowed. *See* 18 U.S.C. § 3632(d)(4).

However, not all prisoners are eligible to earn the ETC available under the FSA. Pursuant to § 3632(d)(4)(D)(xxii):

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> […]
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

2

18 U.S.C. § 3632(d)(4)(D)(xxii).

Keeling concedes that his Count 2 conviction of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i) disqualifies him from earning ETC under the provisions of the FSA. However, Keeling argues that he is actually serving two separate sentences—his 57-month concurrent sentences imposed on Counts 1 and 3 and his 60-month consecutive sentence imposed as to Count 2. [R. at 3.] According to Keeling, because Counts 1 and 3 are *not* disqualifying offenses, he is still eligible to earn ETC under the FSA to be applied to the sentences imposed for those convictions. In other words, Keeling argues that his sentence should essentially be bifurcated for purposes of his FSA eligibility, thus permitting him to earn ETC to be applied to his 57-month sentence on Counts 1 and 3, notwithstanding that his Count 2 conviction renders him ineligible to earn ETC under § 3632(d)(4)(D)(xxii).

However, Keeling cites to no legal authority in support of his theory that, notwithstanding his disqualifying conviction, he is still eligible to apply ETC earned under the FSA to the portion of his sentence imposed on his other convictions. Rather, pursuant to 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." And the aggregate sentence that Keeling is serving includes a conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. Thus, the clear and unambiguous language of 18 U.S.C. § 3632(d)(4)(D)(xxii) specifically precludes him from earning the ETC potentially available under the FSA.

For all of these reasons, Keeling is ineligible for ETC under the exclusion provided by 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, his § 2241 petition will be denied.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Keeling's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. This action is **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This 1st day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge